# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HILL SEGURA, | Case No. 11 C 5334 |
| Plaintiff, | |
| v. | Hon. Harry D. Leinenweber |
| THE STRIVE GROUP, LLC, STEVE HARAF, and JOHN DOES 1-10, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Partial Dismissal. Defendants argue for dismissal of all counts as to Defendant Steve Haraf ("Haraf") and dismissal of all but Count One (§ 1981 race discrimination) and Count Four (Title VII "national origin" discrimination) as to Defendant The Strive Group ("Strive"). Defendants do not seek dismissal on behalf of any "John Doe" Defendants 1-10. For the following reasons, the Defendants' motion is **GRANTED in part and DENIED in part.**

## I. BACKGROUND

*Pro se* Plaintiff Hill Segura ("Segura" or "Plaintiff") began work as a clerk for Strive in March 2008. He alleges that after an investigation into theft of company property, he was fired on June 29, 2010 by Haraf, who cited "unsatisfactory work" as the reason. Plaintiff claims: this was a pretext; that he was actually fired because of his race, age, and national origin; and

that he alleged as much in an Equal Employment Opportunity Commission (the "EEOC") intake form on March 4, 2011. The EEOC charge form prepared by the EEOC and signed by Segura, however, lists only "national origin" as a basis for the firing. After receiving a right-to-sue letter mailed from the EEOC on July 14, 2011, Segura timely filed this action.

## II. **LEGAL STANDARD**

In analyzing the sufficiency of a complaint, the Court construes it in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011).

## III. **ANALYSIS**

As a preliminary matter, Plaintiff's Complaint is unclear in connecting each count to a specific statute. The introduction to Plaintiff's Complaint cites Title VII, 42 U.S.C. § 2000(e), 40 U.S.C. § 1981 and 29 U.S.C. § 623. However, at least for some counts, it is not immediately clear which statute relates to which claim. But *pro se* complaints are to be construed liberally, and the Court will endeavor to do so.

Because two counts concern race discrimination, and Plaintiff in his response specifically ties Count One to 42 U.S.C. § 1981, the court construes Count One as a § 1981 race discrimination claim and Count Three, the other race discrimination claim, as a Title

VII claim. Count Two is construed as a 29 U.S.C. § 623 (Age Discrimination in Employment Act or "ADEA") claim. Count Four is construed as a Title VII national origin discrimination claim. Count Five alleges a state law claim of Intentional Infliction of Emotional Distress and Count Six alleges the state law claim of Willful and Wanton Misconduct.

**A. Claims Against Individuals Under Title VII and ADEA**

The ADEA and Title VII specifically use the word "employers" rather than individuals. Therefore, charges under those acts against non-employers are improper. *See Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not . . . fall within Title VII's definition of employer."); *see also, Horwitz v. Bd. of Ed.*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (noting no individual liability under ADEA).

Accordingly, Defendant Haraf's Motion to Dismiss the ADEA age charge and the Title VII race and national origin charges is granted as to him.

**B. Failure to Exhaust Administrative
Remedies with Respect to the ADEA Claim
and the Title VII Race Claim**

Title VII and ADEA claims require filing a complaint with the EEOC, and the issuance of a "right-to-sue" letter. A plaintiff may not bring claims under Title VII or the ADEA unless he has first brought them to the EEOC. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002).

Defendant argues that because Plaintiff's signed EEOC Charge of Discrimination form indicated only a charge of "national origin" discrimination, but not charges related to "race" or "age," Defendant cannot bring any Title VII age or race claims. *Novitsky v. Am. Consulting Eng'rs, LLC.*, 196 F.3d 699, 702 (7th Cir. 1999). *Novitsky* stands for that proposition that the charge form, or at least facts within the charge form, must put a defendant on notice of a cause of action or cannot be prosecuted in a lawsuit.

Defendant, however, fails to note that the Seventh Circuit has backed away from this position somewhat in more recent rulings. *See Vela v. Village of Sauk Village*, 218 F.3d 661 (7th Cir. 2000) ("Allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations."); *see also*, *Swearingen-El v. Cook County Sheriff*, 602 F.3d 852, 865 (7th Cir. 2010) (noting the split of opinion within the Seventh Circuit). Additionally, the Supreme Court, in a slightly different context, has held that an intake form containing sufficient information may serve as filing a "charge" with the EEOC for ADEA purposes. *Fed. Express Corp. v. Holowecki,* 552 U.S. 389, 402 (2008).

As *Holowecki* points out, "The [EEOC] system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes." *Id.* at 403. With the Seventh Circuit law on this point in some confusion, the scales are

therefore tipped by *Holowecki* and its caution against overly formalistic requirements. This Court therefore follows *Vela*.

Here, Plaintiff specifically alleged that his intake form requested discrimination charges based upon his race, age and national origin. In a motion to dismiss, this must be taken as true, and thus the ADEA count and the Title VII race discrimination count will not be dismissed merely upon the basis that the EEOC charge does not indicate such claims.

### C.  Race Claims under 42 U.S.C. § 1981

Unlike ADEA and Title VII claims, § 1981 claims may be filed against individuals. However, "personal liability cannot be imposed on a corporate official for the corporation's violation of section 1981 when that official is not alleged to have participated in the actual discrimination against the plaintiff." *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir. 1985) (dismissing complaint against individual where only allegation against an individual was based on the fact that he was an "officer, shareholder and incorporator" of the corporation).

Here, Plaintiff alleges only that Haraf had decision-making authority in Strive and that Haraf was the one who called and communicated the fact that Plaintiff was fired "for unsatisfactory work." He does not allege that Haraf was among those "concocting a specious reason to fire him," (Pl.'s Compl. 12) or even that Haraf was involved in the decision to fire him. Without more,

Plaintiff has not stated a sufficient claim against Haraf. Accordingly, the § 1981 count against Defendant Haraf is dismissed.

**D.  State-Law Claims**

Defendants seek dismissal of the state law claims of Intentional Infliction of Emotional Distress and Willful and Wanton Misconduct, arguing they are pre-empted by the Illinois Human Rights Act (the "IHRA"). The IHRA provides:

> Except as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act.

775 ILCS 5/8-111(D). The act further defines "civil rights violation."

> "Civil rights violation" includes and shall be limited to only those specific acts set forth in Sections 2-102, 2-105, 3-102, 3-102.1, 3-103, 3-104, 3-104.1, 3-105, 3-105.1, 4-102, 4-103, 5-102, 5A-102, 6-101, and 6-102 of this Act.

775 ILCS 5/1-103(D) (emphasis added). Section 2-102 then goes on to define employment "discharge . . . on the basis of unlawful discrimination" as a civil rights violation. Unlawful discrimination, in turn, is defined as discrimination based on, among other things, "race, color . . . national origin . . . [and] age." 775 ILCS 5/1-103(Q).

In practice, Courts have interpreted this pre-emption clause as forbidding separate state action where there are no operative facts outside those imposing liability under IHRA that could sustain another state charge. *See Geise v. Phoenix Co. of Chicago,*

*Inc.*, 639 N.E.2d 1273, 1277 (Ill. 1994) (dismissing negligent hiring and retention charges where the only allegation of the employee's unfitness were based upon the IHRA-prohibited sexual harassment). *See also*, *Krocka v. City of Chicago*, 203 F.3d 507, 517-518 (7th Cir. 2000) (upholding dismissal of intentional infliction of emotional distress claim that was distress was caused solely by IHRA-prohibited disability discrimination).

But where the operative facts alleged reflect conduct not prohibited by IHRA, a state law claim will survive. *See Makisimovic v. Tsogalis*, 687 N.E.2d 21, 23, (Ill. 1997) (allowing state law claims of assault, battery and false imprisonment for acts that went beyond the sexual harassment prohibited in IHRA).

Here, all of Plaintiff's state-law allegations of Intentional Infliction of Emotional Distress ("IIED") and Willful and Wanton Conduct are based solely on the discrimination alleged in the ADEA, Section 1981 and Title VII actions, which involve allegations of discharge due to race, national origin or age. The conduct complained of (firing because on those attributes) is clearly covered by the IHRA as "civil rights violations." Plaintiff states no other conduct not covered by IHRA that could stand as a separate state law claim. Indeed, he ties these state claims explicitly to the civil rights violations by describing the conduct as discrimination "as described elsewhere in this civil complaint."

Accordingly, Counts Five and Six are pre-empted by the IHRA and are dismissed as to Defendants Haraf, Strive and Does 1-10.

The Does are included because, as IHRA makes clear, the pre-emption operates by reason of jurisdiction. Even though dismissal as to Does was not sought by Defendants, the Court having no subject matter jurisdiction over these counts, must dismiss them.

### IV. <u>CONCLUSION</u>

For the reasons stated herein, the Defendants' Partial Motion to Dismiss is **GRANTED as to Defendant Haraf on all counts.** It is also **GRANTED as to all Defendants (including Does) on Counts Five and Six**. The motion is **DENIED as to Defendant Strive on Counts One through Three**. And finally, Defendants did not seek dismissal of Count Four for Defendant Strive, nor Counts One through Four as to Defendants Does. Thus, these counts and Defendants remain.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**DATE:** 3/5/2012